# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 22, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ROXANNA SARVER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1207V |
| | * | |
| v. | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Excessive Interoffice Communication; |
| | * | Expert Fees. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Ronald C. Homer, Conway Homer, P.C., Boston, Massachusetts, for petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]**

      On October 15, 2015, Roxanna Sarver ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that as a result of an influenza ("flu") vaccine she received on October 1, 2013, she developed Guillain-Barre Syndrome and POEMS (polyneuropathy, organomegaly, endocrinopathy, monoclonal gammopathy, and skin changes). Petition at 1.

      An entitlement hearing was held in this matter on January 29-30, 2019. Subsequently, on March 11, 2019, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on her case. Petitioner's Motion

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

("Pet. Mot.") dated Mar. 11, 2019 (ECF No. 115).  Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $158,079.15
**Attorneys' Costs** – $77,807.35
**Petitioner's Costs** – $795.24

Petitioner thus requests a total of $236,681.74.  Respondent filed his response on March 27, 2019, indicating that he "does not challenge the good faith or reasonable basis requirements in this case" and asking the undersigned to "exercise her discretion" in determining a reasonable award of attorneys' fees and costs.  Respondent's Response dated Mar. 27, 2019 (ECF No. 118) at 1 n.1, 3.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned GRANTS petitioner's motion in part and awards **$231,939.36** in attorneys' fees and costs.

I.      Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Over the past five years, petitioner's counsel has expended significant time and resources to advance this claim.  The requested costs alone, which include expert fees and travel expenses for the entitlement hearing, total nearly $80,000.00.  Moreover, the claim appears at this point to have been brought in good faith and build on a reasonable basis.  The undersigned thus finds that an award of interim attorneys' fees and costs is appropriate here.

   A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

      **i.     Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Nicole Caplan – Attorney**
    2015: $200.00

**Christina Ciampolillo – Attorney**
    2015: $300.00
    2017: $307.00
    2018: $342.00
    2019: $350.00

**Meredith Daniels – Attorney**
    2014-2016: $280.00
    2017: $286.00
    2018: $294.00
    2019: $320.00

**Lauren Faga – Attorney**
    2017: $271.00

**Ronald Homer – Attorney**
>   2015-2016: $400.00
>   2017: $409.00
>   2018: $421.00
>   2019: $430.00

**Patrick Kelly – Paralegal/Attorney**
>   2014-2016: $135.00
>   2019: $205.00

**Joseph Pepper – Attorney**
>   2016: $290.00
>   2018: $305.00

**Paralegals**
>   2014-2016: $135.00
>   2017: $138.00
>   2018: $142.00
>   2019: $145.00

      Because these attorneys practice in Boston, Massachusetts, forum rates apply. The undersigned finds that the requested rates are reasonable and in accordance with the guidelines set forth in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). These rates also align with what other special masters have approved for these attorneys in the past.[3] See, e.g., Agarwal v. Sec'y of Health & Human Servs., No. 16-191V, 2019 WL 2281744 (Fed. Cl. Spec. Apr. 23, 2019); Dawsonia v. Sec'y of Health & Human Servs., No. 15-1476V, 2019 WL 582543 (Fed. Cl. Spec. Mstr. Jan. 17, 2019); Cabrera v. Sec'y of Health & Human Servs., No. 13-598V, 2017 WL 656303 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); Ruppert v. Sec'y of Health & Human Servs., No. 13-869V, 2017 WL 510468 (Fed. Cl. Spec. Mstr. Jan. 11, 2017). Therefore, the undersigned will award the rates requested.

            **ii.**     **Reduction of Billable Hours**

      While petitioner is entitled to an award of attorneys' fees and costs, the undersigned has determined that a small reduction in the number of hours billed by petitioner's counsel is appropriate.

      In the past, the undersigned and her fellow special masters have frequently noted the inefficiency that results when multiple attorneys work on one case. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case).

---

[3] Patrick Kelly became a licensed attorney in November 2018, and so his appropriate hourly rate has not yet been considered. See Pet. Mot. at 2. However, the requested rate of $205.00 accords with the fee range established in McCulloch for attorneys with less than four years of experience. See McCulloch, 2015 WL 5634323, at *19.

4

Such inefficiency is evident in this case. Over the course of this litigation, 7 attorneys and 5 paralegals have billed their time. See generally Pet. Mot. at 5-58. As a result, the firms billed unnecessary time for inter-office meetings and other forms of inter-office communication. See, e.g., Pet. Mot. at 11 ("memo [from a paralegal] to [another paralegal] re case posture, client status, record summary"); 12 ("case meeting with [Meredith Daniels] re preparing petition"); 14 ("detailed memo [from a paralegal] to [another paralegal] addressing issues related to missing records"); 21 ("meeting with [paralegal] re status of updated records"); 30 ("memo [from paralegal] to [another paralegal] re case posture and summarization of exhibit 32-36"). For these reasons, the undersigned will decrease the requested attorneys' fees by 3%. Petitioner is thus entitled to attorneys' fees of $153,336.77.[4]

**B.   Costs**

    **i.   Attorneys' Costs**

        **a.   Expert Fees**

            **1.   Dr. Norman Latov, M.D., Ph.D.**

Petitioner requests $48,750.00 for work performed by Dr. Norman Latov – 92.5 hours, billed at an hourly rate of $500.00, and 10 hours of travel, billed at an hourly rate of $250.00. Pet. Mot. at 94, 97, 102, 165. Dr. Latov currently serves as a professor of neurology and neuroscience at Weill Medical College, Cornell University, and is licensed to practice medicine in New York. Pet. Ex. 30 at 1-2. He submitted several expert reports and testified at the entitlement hearing.

Although an hourly rate of $500.00 is considered high in the Vaccine Program, the undersigned will allow that rate here, based on the depth of Dr. Latov's expert reports and his performance at the hearing. Moreover, the undersigned notes that other special masters have also found this hourly rate appropriate. See, e.g., Lozano v. Sec'y of Health & Human Servs., No. 15-369V, 2017 U.S. Claims LEXIS 1813 (Fed. Cl. Spec. Mstr. Dec. 7, 2017); Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 U.S. Claims LEXIS 300 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). Therefore, the undersigned will award the full requested fee.

            **2.   Dr. Samir Parekh, M.D.**

Petitioner requests $15,500.00 for work performed by Dr. Samir Parekh – 31 hours, billed at an hourly rate of $500.00. Pet. Mot. at 167. Dr. Parekh is an associate professor of oncological sciences and hematology-oncology at the Icahn School of Medicine at Mount Sinai in New York, in addition to serving as an attending physician in the school's Department of Hematology and Medical Oncology. Pet. Ex. 58 at 1. He submitted an expert report and testified at the entitlement hearing. As with Dr. Latov, the undersigned finds that the requested fee is appropriate, and she will award it in full.

---

[4] The reduction is calculated as follows: $158,079.15 x 0.03 = $4,742.38.

### 3. Dr. Adriana Rossi, M.D.

Petitioner requests $2,025.00 for work performed by Dr. Adriana Rossi – 4.5 hours, billed at an hourly rate of $450.00. Pet. Mot. at 166. Dr. Rossi reviewed the medical records and expert reports as a consultant, but she ultimately did not author her own report or testify at the hearing. Id. Petitioner has also filed Dr. Rossi's CV, which indicates that Dr. Rossi is currently an assistant professor of medicine (hematology/oncology) and associate clinical director of the Myeloma Center at Weill Cornell Medicine. See id. at 177. She also serves as inpatient service chief of myeloma/autologous stem cell transplant at New York-Presbyterian Hospital. Id. Based on Dr. Rossi's CV, as well as the relatively few hours billed for her consulting services, the undersigned will award the requested fee in full.

### b. Travel Costs

Petitioner requests $3,135.08 for attorneys' costs related to travel associated with hearing preparation and the hearing itself. See Pet. Mot. at 65-170. The undersigned finds these costs reasonable, and she will reimburse them in full.

### c. Miscellaneous Office Costs

Petitioner requests $8,397.27 for attorneys' costs related to miscellaneous office expenses, including medical records requests, medical literature, postage, and printing. See Pet. Mot. at 65-170. The undersigned finds these costs reasonable, and she will reimburse them in full.

### ii. Petitioner's Costs

Petitioner also requests $795.24 in petitioner's costs, which she incurred for filing fees and travel expenses associated with the hearing. See Pet. Mot. at 172-75. The undersigned finds these costs reasonable, and she will reimburse them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $ 158,079.15 |
| Reduction in Attorneys' Fees (Interoffice Communication): | $ (4,742.38) |
| Awarded Attorneys' Fees: | $ 153,336.77 |
| Requested Attorneys' Costs: | $ 77,807.35 |
| Awarded Attorneys' Costs: | $ 77,807.35 |
| Requested Petitioner's Costs: | $ 795.24 |
| Awarded Petitioner's Costs | $ 795.24 |

**Total Interim Attorneys' Fees and Costs:**                $ 231,939.36

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $231,939.36, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ronald C. Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.