REISSUED FOR PUBLICATION
JUL 20 2020
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
(Case No. 15-1207V)

| | |
|---|---|
| R.S.,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Dorsey<br><br>Filed: May 19, 2020<br><br>Interim Attorney's Fees and Costs |

Ronald Craig Homer, Conway, Homer, P.C., Boston, MA for petitioner.
Linda Sara Renzi, U.S. Department of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION ON SUPPLEMENTAL MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 15, 2015, R.S. ("petitioner") filed a petition under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"),[2] 42 U.S.C. § 300aa-10 et seq. (2012), alleging that as a result of receiving an influenza ("flu") vaccine on October 1, 2013, she suffered from Guillain-Barré syndrome ("GBS") and polyneuropathy, organomegaly, endocrinopathy, monoclonal gammopathy, and skin changes ("POEMS") syndrome. Petition at 1. On December 19, 2019, the undersigned ruled that petitioner had not established by a preponderance of evidence that her vaccination caused her injuries. Compensation was denied and the case was dismissed. Decision, ECF No. 136.

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B, however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole Decision will be available to the public in its current form. Id.

On January 10, 2020, petitioner filed an application for attorneys' fees and costs. Supplemental Motion for Interim Attorneys' Fees and Costs, ECF No. 140.[2] Petitioner requests compensation in the amount of $17,958.27, representing $17,881.00 in attorneys' fees and $77.27 in costs. Fees App. at 1 – 2. Respondent filed his response on January 23, 2020 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 150, at 2. Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $17,958.27.

### I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, the undersigned previously found that reasonable basis existed when she awarded interim attorneys' fees on July 22, 2019. (ECF No. 130). Because the instant motion concerns work performed by counsel in wrapping up the case, the undersigned finds that it is reasonable as well. Respondent also has not challenged the good faith or reasonable basis of petitioner's claim.

#### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent

---

[2] Counsel notes that although the motion is captioned as a supplemental application for interim attorneys' fees and costs, the instant motion represents the final application for all fees and costs incurred by Conway, Homer, P.C.

and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel, Mr. Ronald Homer at the following: $421 per hour for work performed in 2018 and $430.00 per hour for work performed in 2019. Fees App. 81. Petitioner also requests rates for associate attorneys between $205 - $325, depending on associate and the year billed. Petitioner also requests rates for paralegals and law clerks at the rates of $142 - $152. Id. These rates are consistent with what Mr. Homer and his associates have previously been awarded for work in the Vaccine Program, and the undersigned finds the rates to be reasonable in this case as well.

### ii. Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is entitled to the full amount of attorneys' fees sought, **$17,881.00**.

### b. Attorneys' Costs

Petitioner requests a total of $77.27 in attorneys' costs. This amount is comprised of shipping costs. Fees App. Ex. 2 at 1. The undersigned has reviewed the requested costs and finds the amount to be reasonable. Accordingly, petitioner shall be fully reimbursed.

### II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $17,881.00 |
| (Total Reduction from Billing Hours) | - |
| Total Attorneys' Fees Awarded | $17,881.00 |
| | |

|  |  |
|---|---|
| Attorneys' Costs Requested | $77.27 |
| (Reduction of Costs) | - |
| Total Attorneys' Costs Awarded | $77.27 |
|  |  |
| Total Attorneys' Fees and Costs Awarded | $17,958.27 |

**Accordingly, the undersigned awards $17,958.27 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Ronald Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice enouncing the right to seek review.